**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JAN 21 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JAIRO E. MELENDEZ-IRAHETA, AKA
Jairo Melendez,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No.     20-72557

Agency No. A044-471-286

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 19, 2022**

Before:     SILVERMAN, CLIFTON, and HURWITZ, Circuit Judges.

Jairo E. Melendez-Iraheta, a native and citizen of El Salvador, petitions pro

se for review of the Board of Immigration Appeals' ("BIA") order dismissing his

appeal from an immigration judge's ("IJ") decision denying his application for

relief under the Convention Against Torture ("CAT").  Our jurisdiction is

---

*     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241 (9th Cir. 2020). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's denial of deferral of removal under CAT because Melendez-Iraheta failed to show it is more likely than not he will be tortured by or with the consent or acquiescence of the government if returned to El Salvador. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009); *see also Wakkary v. Holder*, 558 F.3d 1049, 1068 (9th Cir. 2009) (finding no likelihood of torture). We reject as unsupported by the record Melendez-Iraheta's contentions that the agency ignored evidence or otherwise erred in its analysis of his claim.

We lack jurisdiction to consider Melendez-Iraheta's contentions regarding his removability because he did not raise them to the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to review claims not presented to the agency); *Zara v. Ashcroft*, 383 F.3d 927, 931 (9th Cir. 2004) (concluding the exhaustion requirement applies to "streamlined" decisions in which the BIA affirms the IJ's decision without opinion).

The temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**